UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BREANNA REINGRUBER, | Case No. 2:23-CV-7 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant United Services Automobile Association ("defendant")'s motion to dismiss. (ECF No. 7). Plaintiff Breanna Reingruber ("plaintiff") responded. (ECF No. 12). Defendant replied. (ECF No. 18).

## I. INTRODUCTION

Plaintiff initiated the instant action on October 26, 2022, with the filing of a complaint in state court. (ECF No. 1). Plaintiff amended her complaint on December 5, 2022. (*Id.*). Defendant timely removed. (*Id.*). The amended complaint is the operative complaint in this matter. (*See* ECF No. 1-2). Therein, plaintiff alleges the following.

On February 1, 2020, plaintiff was traveling in her automobile when a non-party—determined by law enforcement officials to be at fault—also traveling in an automobile collided with plaintiff. Plaintiff's automobile was damaged, and she suffered sprains/strains of her cervical spine, injury to her right wrist, and various contusions.

Plaintiff sought coverage under the non-party's insurance policy, whose limits failed to cover her vehicle damage and personal injury expenses. Plaintiff and her counsel subsequently submitted a claim to defendant—who provides plaintiff's underinsured motorist policy (the "policy")—seeking coverage for the remainder of her damages and a claim evaluation. Defendant made the same "offer to settle" twice in attempt to resolve plaintiff's claim. The offer

**James C. Mahan**
**U.S. District Judge**

allegedly did not have adequate basis, and plaintiff accordingly denied the offer. To date, defendant has not provided any coverage for plaintiff's claim.

Plaintiff seeks declaratory judgment that (1) defendant had no legal basis to deny coverage under the policy, (2) defendant's conduct violated Nevada law, (3) defendant's conduct violated the implied covenant of good faith and fair dealing, and (4) defendant misrepresented the policy to plaintiff and that the misrepresentation constituted a deceptive trade practice. Plaintiff also brings claims for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and breach of statutory duties. Finally, plaintiff seeks compensatory, consequential, and punitive damages as well as attorney's fees and costs.

Defendant now moves to dismiss plaintiff's first, third, and fourth causes of action: declaratory relief, tortious breach of the implied covenant of good faith and fair dealing, and breach of statutory duties. (ECF No. 7). Defendant also seeks to dismiss plaintiff's requests for punitive damages and attorney's fees. (*Id.*).

## II.     LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

The court can consider documents other than the pleadings whose contents are merely alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

**James C. Mahan**
**U.S. District Judge**

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

James C. Mahan
U.S. District Judge

### III.   DISCUSSION

#### a.   Declaratory relief

"Declaratory relief should be denied where it is redundant or where it will serve no purpose in clarifying the dispute between parties." *Clifford v. Geico Cas. Co.*, 428 F. Supp. 3d 317, 326 (D. Nev. 2019) (citing *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985)).  Defendant posits that each of plaintiff's other causes of action are subsumed in her claim for declaratory relief, rendering it redundant.  (ECF No. 7).  The court agrees.

Here, plaintiff essentially seeks a declaration that defendant is liable for all other causes of action.  A finding that "[d]efendant USAA had no legal basis for refusing to pay the benefits due to [p]laintiff in accordance with the terms of the [p]olicy and within Nevada law" necessarily requires a finding that defendant breached a contract—namely, the policy—and violated Nevada law.  (*See* ECF No. 1-2).  At minimum, the court must make a determination of plaintiff's second claim for relief: breach of contract.

Moreover, findings that defendant's conduct "violated Nevada law" and "violated the implied covenant of good faith and fair dealing" as well as that defendant's "knowing misrepresentations to [p]laintiff constituted a deceptive trade practice within Nevada law" necessarily invite determinations of plaintiff's third and fourth claims for relief.  (*See id.*).

Plaintiff contends that because "the declaratory relief claim does not establish the essential elements in the remaining claims," it is not duplicative of the other claims.  (ECF No. 12).  However, resolution of the declaratory relief claim would establish liability of defendant for plaintiff's other claims for relief.  Thus, it is redundant and does not serve any purpose in "clarifying the dispute between the parties."  *See Clifford*, 428 F. Supp 3d at 326.

#### b.   Tortious breach of implied covenant of good faith and fair dealing

"An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary, unfair acts by one party that disadvantage the other."  *Frantz v. Johnson*, 999 P.2d 351, 358 n.4 (Nev. 2000).  "With respect to the covenant of good faith and fair dealing, [the Nevada Supreme Court] ha[s] stated that 'when one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith.'"

James C. Mahan
U.S. District Judge

*Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (quoting *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991)) (alteration omitted).

Finally, bad faith requires the "unreasonable denial or delay in payment of a valid claim." *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). "Bad faith involves an actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986) (citation omitted). Thus, a plaintiff must show that (1) the insurer denied or refused to pay the insured's claim, (2) that it objectively acted "unreasonably" in doing so, and (3) it acted "with knowledge that there is no reasonable basis for its conduct." *Potter*, 912 P.2d at 272.

Defendant contends that plaintiff's allegations regarding the evaluation of her claim are conclusory and are thus not entitled to a presumption of truth. (ECF No. 7 (citing *Iqbal*, 556 U.S. at 570)). Indeed, many allegations baldly label defendant's actions and denial of coverage as "unreasonable." (*See* ECF No. 1-2). While plaintiff may dispute defendant's methodology for determining how much, if any, coverage is warranted, the allegations do not rise to the level of bad faith.

Plaintiff made a number of inquiries into the specifics of how defendant's "offer to settle" was determined, which defendant partially answered. (ECF Nos. 7-10, 7-11). Defendant's response prompted plaintiff to preemptively conclude—without adequate factual basis—that defendant's methodology and offer were unreasonable. (ECF No. 1-2; *see* ECF No. 12). The allegations labeling defendant's conduct as unreasonable are thus conclusory. Plaintiff fails to provide non-conclusory, factual allegations that support a finding that defendant acted in bad faith.

Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is appropriately dismissed.

    c.  *Breach of statutory duties*

The allegations in plaintiff's complaint regarding violations of Nevada Revised Statute ("NRS") 686A.310 are likewise conclusory. (*See* ECF No. 1-2). For each of the seven subdivisions of the statute that plaintiff alleges were violated, she simply reiterates the language of the statute. (ECF No. 1-2); *see* NRS 686A.310(1)(a)–(f), (n). No other factual allegations in the amended complaint suggest that defendant breached its statutory duties.

Plaintiff's claim for breach of statutory duties is thus appropriately dismissed.

**James C. Mahan**
**U.S. District Judge**

- 5 -

    *d. Leave to amend*

The court does not grant plaintiff leave to amend for the deficiency of plaintiff's claim for declaratory relief. Each form of declaratory relief that plaintiff seeks is duplicative of the liability she hopes to establish her other causes of action.

The court likewise declines to grant plaintiff leave to amend her complaint for her third and fourth causes of action. Plaintiff contends that her original complaint and amended complaint were filed in state court and thus she should be given the opportunity to amend pursuant to the heightened pleading standard in federal court.

This is a simple insurance dispute, and plaintiff has already amended the complaint once. (ECF No. 1). She has failed to provide specific, factual allegations supporting her conclusory statements twice. Further, documentation provided to the court in support of defendant's motion does not indicate any bad faith or statutory violations.[1] (ECF Nos. 7-1–7-20). Beyond conclusory statements in plaintiff's complaint, the court is not in receipt of any record or allegations that indicate her claims could be plausible, even with additional information.

Because amendment would be futile and only delay this litigation, plaintiff's claims for declaratory relief, tortious breach of the implied covenant of good faith and fair dealing, and breach of statutory duties are dismissed with prejudice. *See DeSoto*, 957 F.2d at 658.

    *e. Punitive damages and attorney's fees*

The only surviving claim is breach of contract, which does not provide for recovery in the form of punitive damages when standing alone. Plaintiff's request for punitive damages is thus dismissed.

Plaintiff's request for attorney's fees is not a separate cause of action. Defendant provides no case law that suggests plaintiff may not include it as a *potential* form of relief even without clear legal basis. Thus, plaintiff's request for attorney's fees is not dismissed.

. . .

. . .

. . .

. . .

. . .

---

[1] The court may consider the documentation as neither party contests the authenticity thereof, and the documentation was referenced in the complaint. *See Northstar Fin. Advisors, Inc.*, 779 F.3d at 1043.

**James C. Mahan**
**U.S. District Judge**

- 6 -

## IV. CONCLUSION

Accordingly, consistent with the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED July 21, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**